No. 17354. The Citizens Savings & Trust Co., Trustees, et al., v. The Cincinnati & Dayton Traction Co., et al. Error to the Court of Appeals of Hamilton county.

RAILROADS—Mortgages—After acquired property—Consolidation of interurbans—Sale of property—Replacement—Apportionment of earnings—Duty of purchaser to maintain property—Abandonment of portion of lines—Foreclosure of mortgage—Personal judgment.

MARSHALL, C. J.:

1. An after-acquired property clause in a railroad mortgage operates to convey all additions and accretions to the real estate conveyed within the limits of its charter, not, however, including a railroad completely constructed and equipped by another railroad company under a separate charter thereafter joined by consolidation, unless it is so agreed and expressed in the termss of the consolidation.

2. Where several interurban railroads, each having full equipment of power and transmission, execute mortgages with after-acquired property clauses and thereafter consolidate under Ohio laws and thereafter the consolidated company leases the entire property to an operating company owning and operating no other railroadss, and such lessee builds a new central power plant on its own lands and dismantles and salvages all old plants, under a stipulation in the lease requiring the lessee to "maintain, renew and replace all necessary power houses," and further stipulating that upon termination of the lease all additions, improvements, franchises, rights and privileges appertaining to the demised property should be surrendered to the lessor without charge or cost to lessor, a trust is thereby imposed upon such central plant for the use of the divisional properties, and such plant becomes subject to the underlying mortgages.

3. Where in such case the lessee builds new transmission lines partly on railroad rights of way and partly on separate property, such separate property becomes an appurtenant to the contiguous railroad property and all such transmission lines become fixtures and subject to the mortgages.

4. In such case upon foreclosure of the divisional mortgages, the power plant not being divisible, and the transmission lines being of small value to the divisional properties if segregated and disconnected from the power plant, it is the duty of the court in the interest of conservation of values to order a sale of the power plant and transmission lines as an entirety and divide the proceeds in the ratio of the power requirements of each division.

5. Where such lease contains the further stipulation that lessee shall renew and replace the rolling stock and thereafter to replace worn out equipment, acquire additional rolling stock in its own name, all such additional equipment should upon insolvency and foreclosure be held to belong to the divisional properties and subject to the mortgages and if same cannot be equitably divided, should be sold and proceeds divided in the ratio of the car requirements of each division.

6. Where such consolidated company and its lessee acquire lots and parcels of land parallel to rights of way for the purpose of removing tracks from the highway and straightening curves, but such removalss are not fully executed at the time of foreclosure, all such lands used or immediately useful or adapted to prospective needs, become the property of the roads to which they are appurtenant and subject to the mortgages.

7. Where a railroad mortgage conveys its income but saving to the mortgagor the right to use the income until default in the payment of some part of the principal or interest, and with the further stipulation that the mortgagee may not take possession of the property or collect or receive the income nor begin foreclosure until such default continue for the period of six months, the net earnings of the road should be apportioned among the several divipacities after six months from default.

8. While the purchaser of a railroad property at foreclosure sale subject to a mortgage does not thereby become personally obligated to pay the mortgage indebtedness, it is nevertheless the duty of such purchaser under the law to repair, renew, restore, replace and substitute depreciated property and if such purchaser neglects that duty any accumulated net earnings may upon foreclosure of such mortgage be ordered to be expended for such purposes and if not so expended should be distributed to the mortgagee in the amount and to the value of the accrued depreciation thereon.

9. Upon consolidation of several railroads under authority of and in accordance with the provisions of Ohio statutes, the nominal existence of the several constituent companies is terminated, but their substantial existence is perpetuated by being merged in the consolidated company.

10. In railroad mortgages conveying after-acquired property, in the absence of countervailing reasons the mortgage will include property acquired by a successor to the mortgagor even though successors are not expressly stipulated.

11. Where, after consolidation of urban and ininterurban railroads, it is found expedient to abandon a portion of the trackage of the company rendering interurban service and thereafter operate interurban cars over tracks of the urban company, a perpetual easement thereby attaches to the trackage so jointly used in favor of the interurban utility, and upon dissolution a decree should be entered providing for perpetual joint traffic, upon terms and conditions usual and customary in such matters.

12. Where the bonds secured by a railroad mortgage are payable to the trustee or bearer, in any action for foreclosure of such mortgage a separate cause of action may be pleaded praying for personal judgment at the suit of the trustee, under authority of Section 11306, General Code, though no specific authority be given in the trust instrument to the

trustees to bring such action; the contract being made in the name of the trustee for the benefit of third persons, authority for such action is conferred by Section 11244, General Code.

Judgment affirmed in part and reversed in part and cause remanded.

Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur. Clark, J., took no part in the consideration or decision of the case.